[991 NYS2d 887]

In the Matter of Benjámin E. Thwaites (Admitted as Benjamin Emmanuel Thwaites), a Suspended Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, September 10, 2014

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*McDonough & McDonough*, Garden City (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

On July 23, 2012 (2012 NY Slip Op 79608[U] [2012]), the respondent was immediately suspended, on an interim basis, from the practice of law. On August 1, 2012, the Grievance Committee for the Ninth Judicial District served the respondent with a verified petition, dated February 2, 2012, containing eight charges of professional misconduct. The respondent failed to timely serve an answer, and he thereafter made an application to this Court to extend his time to answer. By decision and order on motion of this Court dated December 13, 2012 (2012 NY Slip Op 93730[U] [2012]), the respondent's application was granted, and his answer was accepted for filing.

Charges one through six were withdrawn by the Grievance Committee in the course of a hearing. Following the hearing, the Special Referee issued a report which sustained charges seven and eight, which were the remaining two charges under consideration. The Grievance Committee now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as this Court deems appropriate. The respondent joins in the motion of the Grievance Committee to confirm the report of the Special Referee, which sustained charges seven and eight. He seeks a public censure, together with his immediate reinstatement to the practice of law, or, in the alternative, a suspension for a period of one year or less, with credit for the time served under the interim suspension.

Charges seven and eight emanate from a common set of facts, as follows:

By letter dated September 19, 2011, the respondent was notified by the Grievance Committee of a complaint of professional misconduct filed by his former client, Paul Eccleston. Although the respondent was requested to submit his response to the complaint within 15 days of his receipt thereof, the Grievance Committee did not receive a response from the respondent. A second request was sent by the Grievance Committee to the respondent, by certified mail, return receipt requested, on October 19, 2011, seeking the respondent's answer to the complaint within 10 days of his receipt thereof, together with his explanation for his failure to timely cooperate with the Grievance Committee. Again, no response was received from the respondent by the Grievance Committee.

In December 2011, the Grievance Committee served the respondent with a judicial subpoena compelling his appearance at the offices of the Grievance Committee for an examination under oath, as well as a subpoena duces tecum, for any and all documentation relating to his consultation with, and representation of, Paul Eccleston (hereinafter the subpoenas). The respondent did not produce the subpoenaed documents, and did not appear at the offices of the Grievance Committee on the return date of the subpoenas, December 20, 2011. The respondent's failure to submit a response to the grievance complaint, despite the efforts of the Grievance Committee to have him do so, and the other uncontroverted evidence of professional misconduct, formed the basis for his interim suspension.

Charge seven alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee in its investigation of a complaint of professional misconduct, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d).

Charge eight alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, based upon the foregoing, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h).

After a preliminary conference was conducted in March 2013, the parties executed a stipulation, pursuant to which the respondent admitted the factual specifications underlying charges seven and eight. The stipulation was entered into evidence as a court exhibit at the hearing on June 11, 2013. Additionally, in sworn testimony at the hearing, the respondent admitted that he failed to cooperate with the Grievance Committee's investigation of the subject complaint.

Based upon the evidence adduced, we find that the Special Referee properly sustained charges seven and eight. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee, in which the respondent joins, is granted.

In determining the appropriate measure of discipline to impose, the records of the Grievance Committee reflect that the respondent has a prior disciplinary history consisting of a letter of caution. The respondent asks the Court to consider, in mitigation, his acceptance of responsibility for his failures, the fact that he has served a period of interim suspension since July 23, 2012, and his excellent reputation in the community, as demonstrated by the four character affidavits submitted on his behalf. However, we note that the attorney registration records maintained by the Office of Court Administration currently reflect that the respondent's registration is "delinquent" for two successive biennial registration periods (2011-2012 and 2013-2014), including the payment of his registration fees.

Under the totality of the circumstances, the respondent is publicly censured for his professional misconduct. In view of the respondent's delinquency in his failure to file biennial attorney registration statements, and to pay his attorney registration fees for two consecutive registration periods, the respondent, Benjamin E. Thwaites, admitted as Benjamin Emmanuel Thwaites, shall be reinstated as an attorney and counselor-at-law on condition that he file with the Clerk of the Court proof of (1) payment of attorney registration fee arrears, including payment for the current registration period, and (2) his compliance with the continuing legal education requirements.

MASTRO, J.P., RIVERA, SKELOS, DILLON and AUSTIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee, in which the respondent joins, and to impose discipline upon the respondent is granted; and it is further,

Ordered that the respondent, Benjamin E. Thwaites, admitted as Benjamin Emmanuel Thwaites, is publicly censured for his professional misconduct; and it is further,

Ordered that the respondent, Benjamin E. Thwaites, admitted as Benjamin Emmanuel Thwaites, shall be reinstated as an attorney and counselor-at-law on condition that he file with the Clerk of the Court satisfactory proof of (1) payment of attorney registration fee arrears, including payment for the current registration period, and (2) his compliance with the continuing legal education requirements; and it is further,

Ordered that upon receipt of proof, as directed above, the Clerk of the Court shall restore the name of Benjamin E. Thwaites, admitted as Benjamin Emmanuel Thwaites, to the roll of attorneys and counselors-at-law.